**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RECEIVED
JUL 29 2016
AT 8:30_____M
WILLIAM T. WALSH CLERK

RIDER INSURANCE,

    Plaintiff,

v.

MID-CENTURY INSURANCE CO., et al.,

    Defendants.

Civil Action No. 15-8289 (MAS) (LHG)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    This matter comes before the Court on Plaintiff Rider Insurance's ("Rider") motion to remand. (ECF No. 4.) On October 26, 2015, Rider commenced a declaratory judgment action against Mid-Century Insurance Company ("Mid-Century") and James Lawroski ("Lawroski") in the New Jersey Superior Court, seeking a declaration that Mid-Century make contributions towards Lawroski's insurance benefits. (Notice of Removal ¶ 1, ECF No. 1.) After service of process was effectuated on Mid-Century, but before it was effectuated on Lawroski, counsel appearing on behalf of Mid-Century filed a Notice of Removal. (*Id.*) Thereafter, Rider filed a motion to remand (ECF No. 4), Mid-Century filed opposition (ECF No. 8), and Rider replied (ECF No. 9). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, the Court denies Rider's motion to remand.

I.  **Background**

Rider is an insurance company incorporated, and with its principal place of business, in New Jersey. (Def.'s Opp'n Br. 3, ECF No. 8.)[1] Mid-Century is an insurance company incorporated, and with its principal place of business, in California. (*Id.*) Lawroski is a citizen of New Jersey. (Pl.'s Moving Br. 1, ¶ 5, ECF No. 5.)[2] In its Complaint, Plaintiff alleges that on June 7, 2015, Lawroski was involved in an automobile accident while operating his motorcycle (the "Accident"). (Notice of Removal, Ex. A ("Compl.") ¶ 5, ECF No. 1.) When the Accident occurred, Rider insured the motorcycle that Lawroski was operating and Mid-Century insured an automobile that Lawroski owned, which was not involved in the Accident. (Pl.'s Moving Br. 1, ¶¶ 3-4, Ex. D.) Lawroski's insurance policies with both Rider and Mid-Century included Underinsured Motorist Coverage ("UIM Coverage") with policy limits of $250,000 per person. (Pl.'s Moving Br. Exs. A, B, ECF No. 5.) After the Accident, Lawroski filed claims against both Rider and Mid-Century for UIM Coverage because the insurance policy for the owner/operator of the other vehicle involved in the Accident provided only $50,000 for bodily injury, and Lawroski alleged that his injuries exceeded this limit. (Compl. ¶¶ 6, 13.) Rider accepted coverage for Lawroski's injuries and acknowledged that if damages sustained in an accident are greater than the Motor Vehicle Liability Limit extending coverage to the owner/operator of the other vehicle

---

[1] The Court may review jurisdictional facts even though they are not in the pleadings because Rider's motion to remand presents a challenge to the Court's jurisdiction, and under Rule 12(b)(1) of the Federal Rules of Civil Procedure, "the [c]ourt may look to documents outside the pleadings in order to assess jurisdictional facts sufficient to assure the [c]ourt of the propriety of its adjudication of a particular claim." *Christie v. Pub. Serv. Elec. & Gas Co.*, No. 04-5978, 2006 WL 462588, at *6 n.2 (D.N.J. Feb. 24, 2006) (citing *Biase v. Kaplan*, 852 F. Supp. 268, 277 (D.N.J. May 9, 1994)).

[2] As multiple paragraphs in Plaintiff's moving brief have the same number, the Court shall cite both the page number and paragraph number when referencing Plaintiff's moving brief.

2

and no other exclusions are applicable, Lawroski is entitled to pursue an Underinsured Motorist Claim ("UIM Claim") for the amount which allegedly exceeds the other driver's policy limit. (Pl.'s Moving Br. 1, ¶ 6; Compl. ¶ 8.) Rider's policy also states that, "in the event other . . . [UIM] Coverage is available to an insured who is making a[]. . . UIM Claim, coverage shall be apportioned between . . . Rider . . . and each other such policy providing coverage." (Compl. ¶ 9.) Pursuant to this provision of its policy, Rider requested that Mid-Century make a contribution toward Lawroski's UIM Claim. (*Id.* ¶ 14.) Mid-Century had, however, previously denied UIM Coverage to Lawroski pursuant to a disclaimer in its policy. (*Id.* ¶ 12.) Likewise, Mid-Century denied Rider's request for contribution for Lawroski's UIM Claim pursuant to the disclaimer in its policy. (*Id.* ¶ 15.) On August 17, 2015, a representative for Rider asked Mid-Century to revisit its denial. (*Id.* ¶ 17.) On August 18, 2015, a Mid-Century representative sent an e-mail message to Rider's representative requesting that a "legal opinion" decide the dispute regarding the disclaimer in its policy. (*Id.* ¶ 18.) On September 16, 2015, Mid-Century informed Rider that the coverage dispute is to date still being reviewed by management. (*Id.* ¶ 20.) Accordingly, Rider filed a claim in the New Jersey Superior Court for declaratory judgment seeking contribution from Mid-Century. (*Id.* ¶ 25.) Thereafter, Mid-Century filed a Notice of Removal to this Court based on diversity jurisdiction. (Notice of Removal ¶ 7). Rider now moves to remand. (ECF No. 4.)

II. **Legal Standard**

Under § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Thus, where a federal court lacks subject matter jurisdiction over a case removed from state court, the case must be remanded. The law is clear in this Circuit that "the party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly

before the federal court." *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007) (citing *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004)). The removal statute "is to be strictly construed against removal . . . so that the Congressional intent to restrict federal diversity jurisdiction is honored." *Samuel-Bassett*, 357 F.3d at 396 (citing *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990)). "This policy 'has always been rigorously enforced by the courts.'" *Id.* (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)).

### III. Analysis

In its motion, Rider argues that this action should be remanded because: (1) Mid-Century failed to adequately establish the citizenship of the parties; and (2) there is a lack of complete diversity because Lawroski is a defendant and Rider and Lawroski are both citizens of New Jersey. (Pl.'s Moving Br. 6-8, ¶¶ 1-6, 1-11.) The Court considers these arguments in turn.

#### A.   Allegations of Failure to Properly Establish Citizenship

Rider argues that Mid-Century's petition for removal is fatally deficient because neither the Notice of Removal nor the Complaint indicates the states in which the parties are incorporated or have their principal places of business—facts necessary to determine the citizenship of each party.[3] (Pl.'s Moving Br. 6, ¶¶ 1-6.) Thus, the Notice of Removal fails to establish diversity

---

[3] In its reply brief, Plaintiff argues that Mid-Century has failed to submit sworn affidavits or documents attesting to the facts asserted in Mid-Century's opposition brief—specifically, the parties' state of incorporation and principal place of business. (Pl.'s Reply Br. 1, ECF No. 9.) Plaintiff cites cases where personal jurisdiction was challenged to argue that "[w]hen the jurisdiction of this court is challenged . . . it is necessary for the party opposing the Motion to proffer evidence of jurisdiction through sworn [a]ffidavits . . . ." (*Id.*) The cases on which Plaintiff relies are inapposite. Sworn affidavits are not required to establish diversity jurisdiction. *See Christie*, 2006 WL 462588, at *6 n.2 (noting that consideration of a motion challenging subject matter jurisdiction need not be limited to the pleadings," but not requiring adherence to 28 U.S.C. § 1746) (citing *Biase*, 852 F. Supp. at 277); *cf. Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984) (reasoning that sworn affidavits are necessary to establish *personal jurisdiction* because an in personam jurisdictional question "is inherently a matter which requires

jurisdiction. While Mid-Century did not explicitly address this argument, in its opposition brief, it provides the exact location of incorporation and the principal place of business of each party. (Def.'s Opp'n Br. 3.) A court may permit a defendant to amend a notice of removal to correct defects in allegations of jurisdiction. 28 U.S.C. § 1653. In addition, a court may consider jurisdictional facts contained in other items in the record as amendments to the removal notice where those facts correct technical deficiencies in the original notice. *USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190, 205 n.12 (3d Cir. 2003). Since the Court may consider other items in the record, including allegations in Mid-Century's opposition brief, the Court finds that Mid-Century has sufficiently identified the citizenship of the parties.

### B.   Allegations of Lack of Complete Diversity

In its motion, Plaintiff argues that Mid-Century has not established complete diversity because Lawroski is a defendant and he is a citizen of New Jersey—the same state as Plaintiff. (Pl.'s Moving Br. 7-8, ¶¶ 1-7.) In its opposition, Mid-Century argues that Lawroski does not destroy complete diversity because, pursuant to Rule 19 of the Federal Rules of Civil Procedure, Lawroski is not a necessary or indispensable party, and so, pursuant to Rule 21 of the Federal Rules of Civil Procedure, the court may dismiss him from this action. (Def.'s Opp'n Br. 4, 6.) In its reply, Rider argues that Lawroski is an indispensable party because he has an interest in the subject matter of the litigation, and pursuant to N.J.S.A. 2A:16-56, "when Declaratory relief is sought, all persons having or claiming any interest which would be affected by the declaration shall be made parties to the proceeding." (Pl.'s Reply Br. 5) (emphasis omitted). Specifically,

---

resolution of factual issues outside the pleadings, i.e. whether in personam jurisdiction actually lies.").

Rider argues that Lawroski would like this matter resolved expeditiously, and his interests are therefore not passive or secondary. (*Id.*)

    A party is "necessary" under Federal Rule of Civil Procedure 19(a)(1) if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

    Applying Rule 19 to declaratory actions between insurers, courts in other districts have held that "[t]he insured need not be joined in a declaratory-judgment action between two insurers to determine their respective liability." *Clarendon Nat'l Ins. Co. v. United Fire & Cas. Co.*, No. 08-00023, 2008 WL 1819915, at *2 (E.D. Ark. Apr. 22, 2008) (citing 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1619, n.9 (3d ed. 2001)); *see St. Paul Fire & Marine Ins. Co. v. Aetna Cas. & Sur. Co.*, 357 F.2d 315, 316 (10th Cir. 1966) (insured party was not a necessary party in an action to determine rights and duties of two insurers because insured was protected regardless of the outcome of litigation); *Wyoming Cty., N.Y. v. Ins. Co. of N. Am.*, 518 F.2d 23, 27 n.6 (2d Cir. 1975) (finding that in an action between multiple insurers, insured parties were dispensable in order to preserve complete diversity); *see also Fed. Ins. Co. v. Mich. Mut. Liab. Co.*, 172 F. Supp. 858, 859 (E.D. Pa. 1959), *aff'd*, 277 F.2d 442 (3d Cir. 1960) (the insured was not joined as a party in a dispute between two insurers to determine primary and excess liability).

    In *Clarendon*, the plaintiff insurance company brought a declaratory judgment action to determine the liability of two insurance companies who both insured a car that was involved in an

6

accident. *Clarendon*, 2008 WL 1819915, at *2. Neither company denied liability; the declaratory judgment sought only to determine which policy was primary and which was excess. *Id.* The court found that the insured was not a necessary party, reasoning that the insured does not have an interest when the dispute is only to determine primary and excess liability. *Id.* Similarly, other courts have found that where a party will be fully covered "regardless of the outcome of the intercarrier controversy," joinder of the insured party is not necessary. *St. Paul Fire & Marine Ins. Co.*, 357 F.2d at 316; *Bituminous Ins. Cos. v. Pa. Mfrs.' Ass'n Ins. Co.*, 427 F. Supp. 539, 547 (E.D. Pa. 1976) (finding that the insured need not be joined since whatever interest it had in the suit was fully protected by the presence of its direct insurer).

Likewise, here, Rider asserts that no relief is being sought from Lawroski; it is only seeking contribution from Mid-Century. (Compl. ¶¶ 23, 25.) Thus, pursuant to Rule 19(a)(1)(A) of the Federal Rules of Civil Procedure, the Court can afford complete relief—determination of Mid-Century's contribution—in Lawroski's absence. Lawroski's absence also will not impair or impede his ability to protect his interests, because regardless of whether Mid-Century is required to contribute to Lawroski's claim, Lawroski will be covered by Rider. (Compl. ¶ 8.) Furthermore, since both of Lawroski's UIM policies have $250,000 per person policy limits, even if Mid-Century does not contribute, Rider can cover the maximum amount to which Lawroski is entitled. (*See* Compl. ¶ 13; Pl.'s Moving Br., Exs. A, B.) Thus, irrespective of whether Mid-Century is required to contribute, Lawroski's interests will be fully protected.

Finally, pursuant to Rule 19(a)(1)(B)(ii) of the Federal Rules of Civil Procedure, Rider will not be subject to substantial risk of incurring double, multiple, or inconsistent obligations because no relief is being sought from Lawroski. (Compl. ¶ 23.) Thus, Lawroski is not a necessary party pursuant to Rule 19(a) of the Federal Rules of Civil Procedure.

Finally, pursuant to Rule 21 of the Federal Rules of Civil Procedure, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. "A misjoinder of parties . . . frequently is declared because no relief is demanded from one or more of the parties joined as defendants." *Letherer v. Alger Grp., L.L.C.*, 328 F.3d 262, 267 (6th Cir. 2003), *overruled on other grounds by Blackburn v. Oaktree Capital Mgmt., LLC*, 511 F.3d 633, 635 (6th Cir. 2008) (quoting 7 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice and Procedure § 1683, at 475-76 (3d ed. 2001)); *see also Glendora v. Malone*, 917 F. Supp. 224, 227 n.3 (S.D.N.Y. 1996) ("[c]learly, the court may rely on Rule 21 to delete parties that have no connection to the claims asserted."). Here, no relief is being demanded from Lawroski, and he has no practical connection to the claims asserted. Accordingly, the Court finds it appropriate to dismiss Lawroski from this action.

## IV.    Conclusion

For the reasons set forth above Plaintiff's motion to remand this action to the Superior Court of New Jersey, Law Division, Ocean County is denied. An order consistent with this Memorandum Opinion will be entered.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Dated: July 29, 2016