**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| RIDER INSURANCE CO., <br><br> Plaintiff, <br><br> v. <br><br> MID-CENTURY INSURANCE CO., et al., <br><br> Defendants. | Civil Action No. 15-8289 (MAS) (LHG) <br><br> **MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on two Cross-Motions for Summary Judgment. The first Motion for Summary Judgment was filed by Plaintiff Rider Insurance Co. ("Plaintiff"). (ECF No. 23.) Defendant Mid-Century Insurance Co. ("Defendant") filed opposition (ECF No. 28), and Plaintiff replied (ECF No. 32). The second Motion for Summary Judgment was filed by Defendant ("Defendant's Cross-Motion") (ECF No. 25), and Plaintiff filed opposition (ECF No. 27). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, Plaintiff's Motion for Summary Judgment is DENIED, and Defendant's Cross-Motion for Summary Judgment is GRANTED.

I. **Background**

   A. **Undisputed Facts**

On June 7, 2015, James Lawroski[1] ("Lawroski") was involved in a motor vehicle accident while operating his motorcycle (the "Accident"). (Pl.'s Statement of Material Facts[2] ("SMF") ¶ 5, ECF No. 24.) When the Accident occurred, the motorcycle that Lawroski was operating was insured by Plaintiff. (*Id.* ¶¶ 1, 3-5.) Defendant issued a personal automobile policy to Lawroski for an automobile that was not involved in the Accident.[3] (*Id.* ¶¶ 1, 3.) Lawroski's insurance policies with both Plaintiff and Defendant included Underinsured Motorist Coverage ("UIM coverage") with policy limits set at $250,000 per person, respectively. (*Id.* ¶¶ 2, 4, 15, 16.)

After the Accident, Lawroski filed claims with Plaintiff and Defendant for UIM coverage because the insurance policy for the owner/operator of the other vehicle involved in the Accident provided only $50,000 of Bodily Injury Coverage, and Lawroski's injuries exceeded this amount. (*Id.* ¶¶ 8, 11, 13, 14.) Plaintiff provided coverage acknowledging that, "since damages sustained by [Lawroski] are greater than the Motor Vehicle Liability Limit extending coverage to the owner/operator of the other vehicle involved in the [Accident], and no Policy Exclusions are applicable, [Lawroski] is entitled to pursue an Underinsured Motorist [c]laim" for the amount exceeding the other driver's policy limit. (*Id.* ¶ 8.) Lawroski requested that Defendant provide UIM coverage, which was denied. (*Id.* ¶¶ 11, 12.) Plaintiff contacted Defendant to request that

---

[1] On July 29, 2016, the Court terminated Lawroski as a party. (ECF No. 12.) Plaintiff settled Lawroski's Underinsured Motorist claim for $150,000. (Pl.'s SMF ¶ 21.)

[2] The Court notes that Plaintiff's SMF serves as Plaintiff's Statement of Undisputed Material Facts.

[3] Plaintiff is an insurance company incorporated and with its principal place of business in New Jersey. (July 29, 2016 Mem. Op. 2, ECF No. 11.) Defendant is an insurance company incorporated and with its principal place of business in California. (*Id.*)

2

Defendant contribute toward the amount paid to Lawroski by Plaintiff for his UIM claim. (Def.'s Statement of Undisputed Material Facts ("SUMF") ¶ 6, ECF No. 26.) Defendant disclaimed coverage for the UIM claim pursuant to the Exclusion provision. (*Id.* ¶¶ 7, 8.)

On October 26, 2015, Plaintiff filed a claim in the New Jersey Superior Court for declaratory judgment seeking contribution from Defendant. (Def.'s SUMF ¶ 9; July 29, 2016 Mem. Op. 3.) Defendant, thereafter, removed the matter to this Court. (Notice of Removal ¶ 7, ECF No. 1.) On April 21, 2017, Plaintiff moved for summary judgment on the grounds that the issue involved—contractual interpretation—is purely a matter of law (Pl.'s Mot. Summ. J. 1, 4, ECF No. 23-1), and Defendant filed a Cross-Motion for Summary Judgment on the same grounds (Def.'s Cross-Mot. 1, ECF No. 25).

### B. Disputed Issues

It is disputed whether UIM coverage for the Accident is available to Lawroski under Defendant's policy. (Def.'s Counter-Statement of Undisputed Material Facts ("CSUMF") ¶ 4, ECF No. 31.) The parties also dispute whether the language of Defendant's Exclusionary provision is clear and unambiguous, requiring Defendant to contribute by equal share to the $150,000 settlement. (*Id.* ¶ 22.) It is further disputed whether coverage for an underinsured motorist is compulsory under New Jersey law. (*Id.* ¶ 2.)

## II. Legal Standard

Federal Rule of Civil Procedure 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The substantive law identifies which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("Only disputes over facts that might affect the outcome of the suit under the governing law will

properly preclude the entry of summary judgment."). A material fact raises a "genuine" dispute "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Williams v. Borough of W. Chester*, 891 F.2d 458, 459 (3d Cir. 1989).

The Court must consider all facts and their logical inferences in the light most favorable to the non-moving party. *Pollock v. Am. Tel. & Tel. Long Lines*, 794 F.2d 860, 864 (3d Cir. 1986). The Court will not "weigh the evidence and determine the truth of the matter" but will determine whether a genuine dispute necessitates a trial. *Anderson*, 477 U.S. at 249. While the moving party bears the initial burden of showing the absence of a genuine dispute of material fact, meeting this obligation shifts the burden to the non-moving party to "set forth specific facts showing that there is a genuine [dispute] for trial." *Id.* at 250. If the non-moving party fails to demonstrate proof beyond a "mere scintilla" of evidence that a genuine dispute of material fact exists, then the court must grant summary judgment. *Big Apple BMW v. BMW of N. Am.*, 974 F.2d 1358, 1363 (3d Cir. 1992). Furthermore, "a party does not raise a genuine [dispute] of material fact by speculation and conclusory allegations." *Dunkin' Donuts Inc. v. Patel*, 174 F. Supp. 2d 202, 210 (D.N.J. 2001). "The standard by which the court decides a summary judgment motion does not change when the parties file cross-motions." *Clevenger v. First Option Health Plan of N.J.*, 208 F. Supp. 2d 463, 468 (D.N.J. 2002). "When ruling on cross-motions for summary judgment, the court must consider the motions independently . . . and view the evidence on each motion in the light most favorable to the party opposing the motion." *Id.* at 468-69 (internal citations omitted). "That one of the cross-motions is denied does not imply that the other must be granted." *Ill. Nat'l Ins. Co. v. Wyndham Worldwide Operations, Inc.*, 85 F. Supp. 3d 785, 794 (D.N.J. 2015).

## III. Discussion

Both parties argue that the issue here is that of contract interpretation—a matter of law—and summary judgment is appropriate. (Pl.'s Mot. Summ. J. 4; Def.'s Cross-Mot. 1.) Because there is no genuine dispute of material fact before the Court, the Court turns to the general principles governing Defendant's UIM coverage policy, which is "analyzed under the rules 'of simple contract law[.]'" *Cypress Point Condo. Ass'n, Inc. v. Adria Towers, LLC*, 143 A.3d 273, 280 (N.J. 2016) (quoting *Kampf v. Franklin Life Ins. Co.*, 161 A.2d 717, 720-21 (N.J. 1960)); *Duddy v. Gov't Emps. Ins. Co.*, 23 A.3d 436, 438 (N.J. Super. Ct. App. Div. 2011).

In analyzing contract policy language, the "plain, ordinary meaning" of the terms control. *Zacarias v. Allstate Ins. Co.*, 775 A.2d 1262, 1264 (N.J. 2001). "In attempting to discern the meaning of a provision in an insurance contract, the plain language is ordinarily the most direct route." *Chubb Custom Ins. Co. v. Prudential Ins. Co. of Am.*, 948 A.2d 1285, 1289 (N.J. 2008) (citation omitted). "Courts enforce contracts 'based on the intent of the parties, the express terms of the contract, surrounding circumstances and the underlying purpose of the contract.'" *Manahawkin Convalescent v. O'Neill*, 85 A.3d 947, 958 (N.J. 2014) (citations omitted). "[W]hen 'the language of a contract is plain and capable of legal construction,'" however, "'the language alone must determine the agreement's force and effect.'" *Cypress Point*, 143 A.3d at 280 (quoting *Manahawkin*, 85 A.3d at 958-59). Accordingly, "[w]hen the terms of an insurance contract are clear, it is the function of a court to enforce it as written and not to make a better contract for either of the parties." *Id.* (quoting *Kampf*, 161 A.2d at 721); *Flomerfelt v. Cardiello*, 997 A.2d 991, 996 (N.J. 2010).

Ambiguity may exist when the "phrasing of the policy is so confusing that the average policyholder cannot make out the boundaries of coverage." *Lee v. Gen. Accident Ins. Co.*, 767

A.2d 985, 987 (N.J. Super. Ct. App. Div. 2001) (citation omitted). "When the provision at issue is subject to more than one reasonable interpretation, [however,] it is ambiguous, and the 'court may look to extrinsic evidence as an aid to interpretation.'" *Templo Fuente de Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 129 A.3d 1069, 1075 (N.J. 2016) (quoting *Chubb Custom*, 948 A.2d at 1289).

"As to insurance contracts specifically, 'the general rule of construction [is] that if the controlling language of a policy will support two meanings, one favorable to the insurer and the other to the insured, the interpretation favoring coverage should be applied.'" *Cypress Point*, 143 A.3d at 280 (alteration in original) (quoting *Butler v. Bonner & Barnewell, Inc.*, 267 A.2d 527, 532 (N.J. 1970)). "Moreover, '[w]hile specific words may not be ambiguous, the context in which they are used may create an ambiguity. The court's responsibility is to give effect to the whole policy, not just one part of it.'" *Id.* at 280-81 (citation omitted). Courts, where tasked with interpreting what an insurance policy encompasses, turn to the definitions within that policy. *See Evora v. Reciprocal Mgmt. Corp.*, No. L-4287-03, 2005 WL 3310013, at *2 (N.J. Super. Ct. App. Div. Dec. 8, 2005) (examining the definitions within an insurance policy to determine liability); *Macchi v. Conn. Gen. Ins. Co.*, 804 A.2d 596, 599 (N.J. Super. Ct. App. Div. 2002) (examining the definitions contained in an UIM endorsement); *Comer v. Pacheco*, No. L-171-09, 2016 WL 3435307, at *5-6 (N.J. Super. Ct. App. Div. June 13, 2016) (examining the definitions in an insurance policy to determine what constituted an "auto").

"New Jersey courts have found that failure to define a term in an insurance contract can render the term ambiguous." *Fifth v. State Farm Ins. Co.*, No. 11-7440, 2014 WL 1253542, at *4 (D.N.J. Mar. 25, 2014) (citing *Prop. Cas. Co. of MCA v. Conway*, 687 A.2d 729, 731 (N.J. 1997)). On the contrary, New Jersey courts have also found undefined terms to be unambiguous. *Id.* (citing

*Hucklebridge v. Gov't Emps. Ins. Co.*, 2011 WL 10054, at *3 (N.J. Super. Ct. App. Div. June 24, 2010)) (declining to find exclusion ambiguous because of the insurer's failure to define "motor vehicle"). Thus, "[a] word or phrase is not automatically rendered ambiguous simply because the policy fails to define it[,]" and courts are instructed that where a "policy fails to define a term or phrase, 'the words must be interpreted in accordance with their ordinary, plain and usual meaning.'" *Priest v. Roncone*, 851 A.2d 751, 755 (N.J. Super. Ct. App. Div. 2004).

"When an insurance carrier puts in issue its coverage of a loss under a contract of insurance by relying on an exclusionary clause, it bears a substantial burden of demonstrating that the loss falls outside the scope of coverage." *United Rental Equip. Co. v. Aetna Life & Cas. Inc.*, 376 A.2d 1183, 1187 (N.J. 1977). In addition to the general insurance contract principles set forth above, courts must be mindful when considering policy exclusions that:

> [E]ach exclusion is meant to be read with the insuring agreement, independently of every other exclusion. The exclusions should be read seriatim, not cumulatively. If any one exclusion applies there should be no coverage, regardless of inferences that might be argued on the basis of exceptions or qualifications contained in other exclusions. There is no instance in which an exclusion can properly be regarded as inconsistent with another exclusion, since they bear no relationship with one another.

*Weedo v. Stone-E-Brick, Inc.*, 405 A.2d 788, 795 (N.J. 1979). Thus, courts construe exclusionary clauses strictly against the insurer, understanding "that the insured is entitled to protection to the full extent that any reasonable interpretation of them will permit." *Sealed Air Corp. v. Royal Indem. Co.*, 961 A.2d 1195, 1204 (N.J. Super. Ct. App. Div.) (citation omitted), *cert. denied*, 960 A.2d 396 (N.J. 2008).

Here, the Exclusion provision in Defendant's policy excludes UIM coverage:

> 2. For property damage or bodily injury sustained by an insured person who is an owner of a motor vehicle and who is a name insured or a family member or a civil union member under New

Jersey law under a Basic Auto Insurance policy <u>or</u> any other auto policy issued in accordance with New Jersey law or regulations.

(Def.'s Cross-Mot., Ex. A, at 12 (emphasis added).) Plaintiff contends that both clauses of the Exclusion provision must be satisfied for Defendant to disclaim coverage. (Pl.'s Mot. Summ. J. 8-9 (quoting Welch Cert., Ex. 1C, at 12, ECF No. 32-2).) Plaintiff, therefore, contends that Lawroski's policy with Defendant is ambiguous in that it does not define "Basic Auto Insurance policy," "auto," and "motor vehicle." (*Id.* at 9.)

It is undisputed that Lawroski is an "insured person" under Plaintiff's policy. (*See* Pl.'s SMF ¶¶ 1-2; Def.'s SUMF ¶ 1.) It is also undisputed that Lawroski was involved in the Accident while operating his motorcycle, which is a motor vehicle[4] as defined by New Jersey Law. (Pl.'s SMF ¶ 5); N.J.S.A. 39:1-1. Further, the New Jersey Motor Vehicle statute, N.J.S.A. 39:1-1, defines "motor vehicles," which includes automobiles and motorcycles, therefore making the latter clause, "or any other auto policy issued in accordance with New Jersey law or regulations" a disjunctive clause. "To defeat a reasonable expectation of coverage, exclusion of the motorcycle accident must be clear and unambiguous." *Hucklebridge*, 2011 WL 10054, at *3 (citing *Universal Underwriters Ins. Co. v. N.J. Mfrs. Ins. Co.*, 690 A.2d 1104, 1110 (N.J. Super. Ct. App. Div. 1997)). The Court finds that, at the time of the Accident, Lawroski was "a named insured . . . under a Basic Auto Insurance policy or any other auto policy issued in accordance with New Jersey law or regulations." (*See* Pl.'s SMF ¶¶ 1-2; Def.'s SUMF ¶ 1.) Specifically, the Exclusion provision includes motor vehicles, a term defined in the statute to include motorcycles, and applies to

---

[4] Under the statute, a "'motor vehicle' includes all vehicles propelled otherwise than by muscular power, excepting such vehicles as run only upon rails or tracks and motorized bicycles." N.J.S.A. 39:1-1. An "'automobile' includes all motor vehicles except motorcycles[,]" and a "'motorcycle' includes motorcycles, autocycles, motor bikes, bicycles with motor attached and all motor-operated vehicles of the bicycle or tricycle type, except motorized bicycles as defined in this section[.]" *Id.*

8

Lawroski. The Court declines to "engage in a strained construction to support the imposition of liability," *Longobardi v. Chubb Ins. Co. of N.J.*, 582 A.2d 1257, 1260 (N.J. 1990), as any other interpretation would require the Court to make a better contract for Lawroski. *See Cypress Point*, 143 A.3d at 280. Accordingly, the Court concludes that the terms, as written, are clear and unambiguous.

Plaintiff asserts that the Exclusion provision is a violation of New Jersey law because it "purports to deny [u]ninsured [m]otorist [c]overage to certain 'insured persons' in direct violation of N.J.S.A. 17:28-1.1, which mandates [u]ninsured [m]otorist [c]overage for all motor vehicles." (Pl.'s Mot. Summ. J. 11.) "There are important distinctions between [Uninsured Motorist] and [Underinsured Motorist] coverage." *Campbell v. Lion Ins. Co.*, 710 A.2d 576, 581 (N.J. Super. Ct. App. Div. 1998). Specifically, "[Uninsured Motorist] coverage must be included in every policy of insurance." *Id.* (citing N.J.S.A. 17:28-1.1a). Thus, with respect to Uninsured Motorist coverage, New Jersey "courts have frequently struck policy provisions" when the provisions are more restrictive than what is mandated by statute. *Id.* (citations omitted). By contrast, Underinsured Motorist coverage must be offered to the insured by an insurance company but need not be accepted by the insured. *Id.* (citing *French v. N.J. Sch. Bd. Ins. Grp.*, 694 A.2d 1008, 1015 (N.J. 1997)). Here, Plaintiff fails to cite to any case law to support the assertion that the Exclusion provision with respect to the Underinsured Motorist Coverage, and at issue in the instant litigation, is in direct violation of the statute. The Court, therefore, declines to reach this issue. Accordingly, the Court grants Defendant's Cross-Motion for Summary Judgment.

## IV. Conclusion

For the reasons set forth above, the Court DENIES Plaintiff's Motion for Summary Judgment and GRANTS Defendant's Cross-Motion for Summary Judgment. An order consistent with this Memorandum Opinion will be entered.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: September 14th, 2017